UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

HOWARD GRADY,

Petitioner,

Case No. 26-cv-1038-pp

v.

BRIAN CAHAK,

Respondent.

---

**ORDER OVERRULING PLAINTIFF'S OBJECTION (DKT. NO. 8), ADOPTING JUDGE JOSEPH'S REPORT AND RECOMMENDATION (DKT. NO. 6), DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

---

On June 11, 2026, the petitioner, who is in custody at the Oshkosh Correctional Institution and is representing himself, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254 challenging his July 16, 2015 conviction in Milwaukee County Circuit Court for aggravated battery. Dkt. No. 1 at 2 (citing State v. Grady, Milwaukee County Case No. 14CF003988 (available at https://wcca.wicourts.gov)).

On June 26, 2026, Magistrate Judge Nancy Jospeph screened the petition and issued a report and recommendation. Dkt. No. 6. Judge Joseph recommended that this Article III court dismiss the petition as a second or successive *habeas* petition. Id. at 4. Judge Joseph advised the petitioner that he had fourteen days from the date of the recommendation to object to it. The petitioner timely filed an objection on July 2, 2026. Dkt. No. 8.

After reviewing a magistrate judge's report and recommendation, a district court judge may accept, reject or modify, in whole or in part, the

findings or recommendations the magistrate judge made in the report. See Federal Rule of Civil Procedure 72(b). If a party objects to any part of the report, the district court must review those parts of the report *de novo* (in the first instance, without giving deference to the magistrate judge's findings). Id. The petitioner objected to the entirety of Judge Joseph's report and recommendation, so the court will review the report *de novo*.

The petitioner is challenging his July 16, 2015 conviction for aggravated battery. Dkt. No. 1 at 2. He previously filed a *habeas* petition on September 17, 2018, challenging the same aggravated battery conviction. See Grady v. Cooper, Case No. 18-cv-1453, Dkt. No. 1 at 8-9 (E.D. Wis.). This court granted the respondent's motion to dismiss the petitioner's first petition because the petitioner had procedurally defaulted on his claims. See Grady v. Cooper, 511 F. Supp. 3d 918, 930-35 (E.D. Wis. 2021).

A petitioner seeking relief under 28 U.S.C. §2254 is entitled to "one 'full and fair opportunity to raise a [federal] collateral attack'" on a state court conviction. Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (quoting O'Connor v. United States, 133 F.3d 548, 550 (7th Cir. 1998)); see also 28 U.S.C. §2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."). Not every petition counts as a second or successive petition, such as when a previous petition is dismissed for curable technical or procedural deficiencies, but a petition dismissed based on a procedural default "count[s] as [a] prior petition[] because the petitioner is incapable of curing the defect underlying the district court's judgment." Altman, 337 F.3d at 766 (citing In re Cook, 215 F.3d 606, 608 (6th Cir. 2000)). That is the case here; this is the petitioner's second petition challenging his July 16, 2015 conviction

and it counts as a second or successive petition for purposes of §2244(b) because this court dismissed the claims in the first *habeas* petition based on procedural default.

In his objection to Judge Joseph's recommendation, the petitioner argues that the court may consider the claims raised in his second petition because the facts supporting his claims could not have been discovered previously through the exercise of due diligence. See Dkt. No. 8 at 2 (citing 28 U.S.C. §2244(b)(2)(B)(i)).[1] Whatever the potential merits of the petitioner's argument, this district court does not have the authority to address the petitioner's second petition at this point. See Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) ("No matter how powerful a petitioner's showing, only [the Court of Appeals] may authorize the commencement of a second or successive petition."). The petitioner first must seek and obtain an order from the Seventh Circuit Court of Appeals authorizing this court to consider his second petition. The petitioner has not obtained such an order, so the court must dismiss the second petition. See id. ("A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.").

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard

---

[1] The petitioner's objection to Judge Joseph's report and recommendation cites "§2245(h)(B)(i)," but the context implies that the petitioner's argument is based on §2244(b)(2)(B)(i) which states that a claim in a second or successive petition must be dismissed unless "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence."

for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because reasonable jurists could not debate that the petition is a second or successive petition and that the petitioner filed it without obtaining authorization from the Seventh Circuit Court of Appeals.

The court **OVERRULES** the petitioner's objection. Dkt. No. 8

The court **ADOPTS** Judge Joseph's report and recommendation. Dkt. No. 6.

The court **ORDERS** that the petition for writ of *habeas corpus* under 28 U.S.C. §2254 is **DISMISSED** as an unauthorized second or successive petition. Dkt. No. 1.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 21st day of October, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**