UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

HOWARD GRADY,

Petitioner,

v.

Case No. 26-cv-1038-pp

BRIAN CAHAK,

Respondent.

---

**ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING FILING FEE (DKT. NO. 15)**

---

On October 21, 2026, the court dismissed the petitioner's petition for a writ of *habeas corpus* under 28 U.S.C. §2254 because it constituted a second or successive petition subject to dismissal under 28 U.S.C. §2244(b). Dkt. No. 9 at 3. The court declined to issue a certificate of appealability because no reasonable jurist could disagree that the petition is a second or successive petition and that the petitioner filed it without obtaining authorization from the Seventh Circuit Court of Appeals. Dkt. No. 9 at 4.

The petitioner has filed a motion for leave to proceed on appeal without prepaying the appellate filing fee. Dkt. No. 15. Under Federal Rule of Appellate Procedure 24(a)(3)(A), a district court may allow an appellant to proceed without prepaying the appellate filing fee if it finds the appellant to be indigent and the appeal to be taken in good faith. Because the Prison Litigation Reform Act does not apply to *habeas* cases, Walker v. O'Brien, 216 F.3d 626, 634 (7th Cir. 2000), the court decides whether a *habeas* appellant is indigent by relying

on the information the petitioner provides in his affidavit of indigence. See Martin v. United States, 96 F.3d 853, 855-56 (7th Cir. 1996). The petitioner prepared his motion using the court's required form. The petitioner states that he is unemployed and that his average income during the past twelve months was $0 per month. Dkt. No. 15 at 2. The petitioner avers that he has no monthly expenses and no assets. Id. at 4-5. Based on the petitioner's affidavit, the court finds that the petitioner does not have the ability to prepay the $605 appellate filing fee.

As for good faith, a district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involved "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962). Although the court declined in its October 21, 2026 order to issue a certificate of appealability, the Seventh Circuit has warned district courts against conflating the good faith and certificate of appealability standards; declining to issue a certificate of appealability "is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding." O'Brien, 216 F.3d at 634. "To determine that an appeal is in good faith, a court need only find that a

reasonable person could suppose that the appeal has some merit." Id. On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim—that is, a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

In its dismissal order, the court concluded that the petitioner's claims challenging his July 16, 2015 conviction had been previously raised in a petition he filed in 2018 (Grady v. Cooper, Case No. 18-cv-1453 (E.D. Wis.)). See Dkt. No. 9 at 2. The court dismissed the 2018 petition because the petitioner had procedurally defaulted on his claims. See id. Due to that procedural default, the 2026 petition counted as a second or successive petition for purposes of 28 U.S.C. §2244(b), leaving the court no choice other than to dismiss the 2026 petition. Id. at 2-3. The court believes it is unlikely that the Seventh Circuit will disagree, but it cannot say that no reasonable person could suppose that any of the petitioner's claims have merit. The court cannot conclude that the appeal is frivolous.

The court **GRANTS** the petitioner's motion for leave to proceed without prepaying the appellate filing fee. Dkt. No. 15.

Dated in Milwaukee, Wisconsin this 4th day of November, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**